IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SCOTT M.,**[1] <br><br>        Plaintiff, <br><br>    v. <br><br>**NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br>        Defendant. | Case No. 3:17-cv-819 <br><br> **OPINION AND ORDER** |

George J. Wall, 1336 East Burnside, Suite 130, Portland, OR, 97214. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Sarah Moum, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Scott M. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying Plaintiff's application for

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Supplemental Social Security Income ("SSI") under Title II of the Social Security Act. For the following reasons, the Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and SSI on September 10, 2012, alleging disability beginning on December 19, 2003. AR 23. Plaintiff was born on May 2, 1973 and was 40 years old as of the alleged disability onset date. AR 96. He alleged disability due to hepatitis C, mental health, arthritis, and disk degeneration. AR 323. The Commissioner denied Plaintiff's application initially and upon reconsideration. AR 23. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* Plaintiff voluntarily elected to withdraw his request for a hearing as it pertained to his application for DIB. Accordingly, the ALJ dismissed Plaintiff's application for DIB. *Id.* The ALJ then found Plaintiff not disabled from December 19, 2003 through the date of decision, December 3, 2015. *Id.* The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 2. Plaintiff seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date, December 19, 2003, through the date of the decision, December 3, 2015. AR 23. At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease with annual tear at L3-4 and neural foramininal compromise bilaterally at L5-S1, generalized anxiety disorder, and marijuana abuse." AR 25. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 26. The ALJ then determined that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c), with the additional limitations that Plaintiff could occasionally stoop and should avoid concentrated exposure to hazards such as unprotected heights and exposed, moving mechanical parts. AR 22. The RFC

PAGE 5 – OPINION AND ORDER

also stated that Plaintiff should have only occasional interactions with the general public and only brief, superficial interactions with co-workers. *Id.* Finally, the RFC stated that Plaintiff should be in a workplace with few changes to the work setting and work routine.

At step four, the ALJ found that Plaintiff was not capable of performing past relevant work as a kiln worker or tile glazer. AR 36. At step five, however, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 37. Thus, the ALJ found that Plaintiff was not under a disability, as defined by the Social Security Act, at any time from December 19, 2003, through the date of the decision, December 23, 2015. AR 38.

## DISCUSSION

Plaintiff seeks review of the determination by the ALJ that Plaintiff was not disabled. Plaintiff argues that the ALJ erred in making that determination by: (A) improperly rejecting the opinions of examining psychologists Dr. Tobias Ryan, Psy. D., and Dr. James Powell, Psy. D.; and (B) failing to find the severe impairment of depression at step two.

### A. Weight Accorded to Medical Opinions

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison*, 759 F.3d at 1012. Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2).

A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti*, 533 F.3d at 1040; *Andrews*, 53 F.3d at 1042-43. An ALJ effectively rejects an opinion when he or she ignores it. *Smolen*, 80 F.3d at 1286.

When evaluating a mental impairment, it is error for the ALJ to pick out a few isolated instances of improvement over a period of months and years and treat them as a basis for

concluding that a claimant is not capable of working. *Garrison*, 759 F.3d at 1018. Moreover, reports must be interpreted with an understanding of the patient's overall well-being and the nature of his or her symptoms. *Id.* at 1017. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in the workplace. *Id.*

Plaintiff argues that the ALJ erred by improperly rejecting the opinions of examining psychologists Dr. Ryan and Dr. Powell. The Court will address Plaintiff's arguments in turn.

### 1. Dr. Ryan

Dr. Ryan noted that, while Plaintiff is able to maintain a close relationship with his neighbor, he often experiences panic attacks when he leaves his home. AR 491. He also noted that Plaintiff has struggled with depression, including suicidal ideation. AR 488. Furthermore, Dr. Ryan opined that, based on cognitive tests, Plaintiff's understanding, sustained concentration and persistence, and ability to reason were all within normal limits. *Id.* Ultimately, Dr. Ryan assigned to Plaintiff a Global Assessment of Functioning score of 50, and Dr. Ryan diagnosed Plaintiff with "Panic Disorder with Agoraphobia." *Id.* at 490. Dr. Ryan also opined that Plaintiff was unable to work full time, but that conclusion is not a medical opinion because the determination about whether a Plaintiff is able to work is reserved to the Commissioner. *See id.*; 20 C.F.R. §§ 404.1527(d)(1).

The ALJ only accorded "little weight" to Dr. Ryan's medical opinion on the grounds that it was internally inconsistent with Plaintiff's normal performance on the cognitive tests that Dr. Ryan administered, and inconsistent with Plaintiff's ability to maintain meaningful social relationships. AR 34. Because Dr. Ryan's medical opinion was contradicted by state medical consultant Dr. John Robinson, who opined that Plaintiff was "not significantly limited" in his

ability to travel in unfamiliar places, the ALJ's reasons for discounting Dr. Ryan's opinion must be specific and legitimate. AR 118; *See Pitzer,* 908 F.2d at 506.

The Court finds that the ALJ failed to provide specific and legitimate reasons to discount Dr. Ryan's opinion. First, Plaintiff's normal performance on cognitive tests was not inconsistent with Dr. Ryan's opinion. Dr. Ryan opined that Plaintiff's functional capacity is limited by social problems—not cognitive problems. *See Funden v. Berryhill*, 2017 WL 2875688 at *4 (D. Or. 2017) ("[A]lleged inconsistencies in memory testing have no bearing on [the doctor's] opinion that plaintiff's mental impairments caused marked social limitations."). Second, Plaintiff's ability to maintain some meaningful relationships is not inconsistent with Dr. Ryan's opinion that Plaintiff suffers from panic disorder with agoraphobia. People who suffer from agoraphobia, a fear of being alone in public places, are able to maintain friendships. *See* 6 Attorneys Medical Advisor § 45:10, 45:14. In fact, people who suffer from agoraphobia often rely on friends to help them cope with their fear of public places. *Id.*

Commissioner argues that the ALJ properly discounted Dr. Ryan's opinion because the opinion was based solely on Plaintiff's subjective symptom reports. The ALJ, however, did not state that she was discounting Dr. Ryan's opinion because it relied on Plaintiff's subjective symptom reports, and the Court may not affirm the decision on grounds that the ALJ did not invoke. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Thus, the Court finds that the ALJ did not provide specific and legitimate reasons for discounting Dr. Ryan's opinion.

**2. Dr. Powell**

Dr. Powell is also an examining psychologist. Dr. Powell diagnosed Plaintiff with social anxiety disorder, and Dr. Powell noted that while Plaintiff has had girlfriends—including a girlfriend whom he dated for 13 years—he generally avoids social settings. AR 499. Dr. Powell also noted that Plaintiff has struggled with depression, including suicidal ideation. AR 488.

Moreover, Dr. Powell opined that, based on cognitive tests that he administered, Plaintiff has "at least a mild level of impairment in the area of sustained concentration, persistence, and pace," and his overall level of intellectual functioning is in the average to low average range. AR 500. Finally, Dr. Powell concluded that Plaintiff was not immediately able to work full time, but that conclusion is not a medical opinion because the determination about whether a Plaintiff is able to work is reserved to the Commissioner. *See id.*; 20 C.F.R. §§ 404.1527(d)(1).

The ALJ accorded "significant weight" to the portion of Dr. Powell's opinion stating that Plaintiff's intellectual functioning falls in the average to low average range. Overall, however, the ALJ only accorded "some weight" to Dr. Powell's opinion. The ALJ discounted the opinion on the grounds that (1) Dr. Powell's opinion was inconsistent with the fact that Plaintiff attended many medical appointments and was often friendly during those appointments; and (2) Dr. Powell's opinion was inconsistent with Plaintiff's performance on the cognitive tests that Dr. Powell administered. Because Dr. Dusay, a non-examining physician, disputed Dr. Powell's opinion, the ALJ needed to provide specific and legitimate reasons for discounting Dr. Powell's opinion. AR 62-63; *see Roberts*, 66 F.3d at 184.

The Court finds that the ALJ failed to provide specific and legitimate reasons to discount Dr. Powell's opinion. Plaintiff's normal performance on cognitive tests is not inconsistent with Dr. Powell's opinion. As stated above, Plaintiff's functional capacity is primarily limited by social issues—not cognitive issues. Moreover, Dr. Powell's opinion was not inconsistent with Plaintiff's attendance and behavior at medical appointments. Although Plaintiff has attended several medical appointments, he has also missed several. *See, e.g.*, AR 1028 (stating that Plaintiff was a "no call no show to appointment. This has happened consistently on this day and time."). In addition, Plaintiff has often appeared anxious at his appointments. *See, e.g.,* AR 488,

582, 686. It took him a year to trust his counselor. AR 809 ("[Plaintiff] has come to have more trust in his A&D counselor, finally after working with her 1.5 years."). The fact that Plaintiff has occasionally attended his appointments and appeared friendly is not a specific and legitimate reason, supported by substantial evidence in the record, to discount Dr. Powell's opinion because symptoms that cause difficulties with social functioning often wax and wane. *See Garrison*, 759 F.3d at 1018. Thus, the Court finds that the ALJ failed to provide specific and legitimate reasons to discount Dr. Powell's opinion.

### B. Depression as a Severe Impairment

The ALJ found generalized anxiety disorder as a severe impairment at step two. AR 26. She also found that "the medical evidence of record also shows a history of panic disorder with agoraphobia, social anxiety disorder, and depressive disorder; however . . . the signs and symptoms of these conditions are best captured by the mental impairment of generalized anxiety disorder." *Id.* Plaintiff argues that the ALJ erred by failing to identify depression as a separate severe impairment at step two. The Court finds that the ALJ did not commit harmful error by excluding depression from the list of impairments. Plaintiff does not argue that his severe depression may have met or medically equaled the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. Moreover, the ALJ's step two determinations with respect to depression did not affect the ALJ's step five determination that Plaintiff was not disabled. An ALJ must consider all of a claimant's impairments when constructing the RFC, whether or not those impairments are deemed severe at step two. *Buck*, 869 F.3d at 1049. Accordingly, although the ALJ did not find depression as a severe impairment at step two, she considered Plaintiff's depression and its symptoms when constructing Plaintiff's RFC. Thus, finding that depression is a severe impairment at step two would not have affected the ALJ's step five determination that Plaintiff had the RFC to perform jobs that exist in significant numbers in the national economy.

Plaintiff cites *Hill v. Astrue* in support of the proposition that failing to list distinct mental disorders as separate severe impairments constitutes harmful error. 698 F.3d 1153, 1161 (9th Cir. 2012). In that case, the court held that, although the ALJ found that anxiety was a severe impairment, the ALJ erred by excluding panic disorder from the list of impairments. *Id. Hill*, however, is distinguishable because in that case the ALJ actually failed to account for the symptoms caused by Plaintiff's diagnosed panic disorder in formulating the RFC. *See id.* In this case, by contrast, the ALJ merely stated that Plaintiff's symptoms of depression were best captured by the impairment of generalized anxiety disorder. AR 26. Thus, the Court finds that the ALJ did not err by excluding depression from the list of severe impairments and accounting for Plaintiff's depressive symptoms in the umbrella of the "generalized anxiety" impairment.

**C. Remand for Further Proceedings**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The United States Court of Appeals for the Ninth Circuit articulates the rule as follows:

> The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved. In conducting this review, the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled. Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.
>
> If the district court does determine that the record has been fully developed and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. Said otherwise, the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true. If so, the district court may exercise its discretion to remand the case for an award of benefits. A district court is generally not required to exercise such discretion, however. District courts retain flexibility in determining the appropriate remedy and a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.

*Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted).

Plaintiff argues that if Dr. Ryan and Dr. Powell's opinions are properly credited, the ALJ will have no choice but to find a disability because those doctors opined that Plaintiff is unable to

work. As discussed above, however, the doctors' conclusions that Plaintiff is unable to work are not medical opinions because those conclusions are reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1). The case must be remanded for further proceedings because the record is not free from conflicts and ambiguities. *See Dominguez*, 808 F.3d at 407.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 7th day of August, 2018.

*/s/ Michael H. Simon*  
Michael H. Simon  
United States District Judge